IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

| | |
|---|---|
| IN RE: ) | Chapter 7 Case |
| ) | Number 09-51272 |
| DOUGLAS ASPHALT COMPANY ) | |
| ) | |
| Debtor ) | |
| ) | |
| MARTIN MARIETTA AGGREGATES, ) | Adversary Proceeding |
| a division of MARTIN MARIETTA ) | Number 11-05001 |
| MATERIALS, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| DOUGLAS ASPHALT COMPANY and ) | |
| DOUGLAS ASPHALT PAVING, INC. ) | |
| ) | |
| Defendants ) | |

## ORDER ON MOTION TO ABSTAIN AND REMAND AND FOR PAYMENT OF JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEYS' FEES BY DOUGLAS ASPHALT COMPANY AND DOUGLAS ASPHALT PAVING, INC.

This matter comes before me on the Motion to Abstain and Remand and for Payment of Just Costs and Actual Expenses, Including Attorneys' Fees by Douglas Asphalt Company and Douglas Asphalt Paving, Inc. ("Motion"). Through the Motion Defendants request I abstain from exercising jurisdiction and remand all claims, counterclaims, and causes of action in the above-titled adversary proceeding to the Superior Court of Coffee County, from which they were removed. Defendants also request payment of just costs and actual expenses, including attorneys' fees. Based upon evidence presented at hearing and on review of the record, I find

AO 72A
(Rev. 8/82)

abstention appropriate and therefore grant the Motion in part and remand this action to state court. Defendants, however, failed to demonstrate why the payment of just costs and actual expenses was proper; therefore, Defendants' request for costs and expenses is denied.

## BACKGROUND

Plaintiff Martin Marietta Aggregates removed this case to the United States District Court for the Southern District of Georgia on April 14, 2010, pursuant to 11 U.S.C. § 1334(b). Defendants filed a motion to abstain and remand and for payment of just costs and actual expenses, including attorneys' fees. The District Court referred the case to me without ruling on Defendant's motion to abstain and remand by an order dated December 13, 2010.

Plaintiff initially filed this action against Douglas Asphalt Company ("DAC") and Douglas Asphalt Paving, Inc. ("DAP") on January 20, 2009, in the Superior Court of Coffee County, Georgia. <u>Martin Marietta Aggregates, a division of Martin Marietta Materials, Inc. v. Douglas Asphalt Company and Douglas Asphalt Paving, Inc.</u>, Superior Court of Coffee County, State of Georgia, Civil Action No. 2009S01-57 ("State Court Action"). The State Court Action asserts state law claims arising from an

2

alleged default on an "open account." (A.P. Dkt. No. 2 at 1).[1] Defendants counterclaimed alleging under state law that Plaintiff failed to supply timely materials in accordance with a contract between the parties. Substantial discovery followed in the State Court Action. Id.

On December 2, 2009, creditors of DAC initiated an involuntary bankruptcy action against the company in this Court. In re Douglas Asphalt Company, No. 09-51272 ("Bankruptcy Case"). Plaintiff filed a suggestion of bankruptcy in the State Court Action to notify the state court of the automatic stay on December 7, 2009. Douglas Asphalt Company voluntarily filed a chapter 11 case on December 28, 2009, which on motion of the U.S. Trustee was converted to a chapter 7 case on April 12, 2010. On April 13, 2010, I entered an order in the Bankruptcy Case (Case Dkt. No. 228) granting stay relief as to certain pending cases, including the State Court Action. Plaintiff then filed a notice of removal in the District Court on April 14, 2010.

## DISCUSSION

### I. Removal

Removal from a state court is governed by 28 U.S.C. § 1452, which requires that a civil claim or cause of action be removed to the district court where the action is pending. I have held that "it is necessary that a party who wishes to have a case

---

[1] References in this Order to the docket in the adversary proceeding appear in this format: "A.P. Dkt. No.____. References to the chapter 7 case docket appear in the following format: "Case Dkt. No. ____.""

3

heard in the Bankruptcy Court for the Southern District of Georgia first remove the case to the District Court for the Southern District of Georgia." Bridge Assocs., LLC v. North River, LLC (In re Durango Georgia Paper Company), No. 09-02008, 2009 WL 5322409, at *2 (Bankr. S.D. Ga. May 8, 2009). Because Plaintiff followed this procedure, removal was proper provided that there is subject matter jurisdiction.

## II. Jurisdiction

Upon referral by a district court, bankruptcy courts have jurisdiction to hear "any or all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11" 28 U.S.C. § 157; Lawrence v. Goldberg, 573 F.3d 1265, 1270 (11th Cir. 2009). Plaintiff asserts that the Court has jurisdiction to hear the State Court Action because it is "related to" the underlying bankruptcy case.

In the Eleventh Circuit, "related to" is defined as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against that debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784,

788 (11th Cir.1990)(quoting Pacor, Inc. v. Higgins 743 F.2d 984, 994 (3d Cir. 1984)).

Here, DAC lists its counterclaim in the State Court Action as an asset of the estate in the Bankruptcy Case. (Case Dkt. No. 59 at 9). Plaintiff filed a proof of claim in the Bankruptcy Case asserting the claim from the State Court Action as its basis. As the District Court noted, given these facts, the case here is "related to" the Bankruptcy Case under the liberal standard articulated in In re Lemco Gypsum, Inc. Accordingly, this Court may exercise jurisdiction.

Even so, bankruptcy courts have discretion to abstain from hearing a proceeding related to a bankruptcy case if abstention is "in the interest of justice, or in the interest of comity with State courts or respect for State law." 11 U.S.C. § 1334(c)(1). Courts are guided by the following factors when considering discretionary abstention under § 1334(c)(1):

> (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of

a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

Rayonier Wood Prods., L.L.C. v. ScanWare, Inc., 420 B.R. 915, 920 (S.D. Ga. 2009)(citing In re United Container LLC, 284 B.R. 162, 176-77 (Bankr. S.D. Fla. 2002)).

Applying these factors, I find that most weigh decisively in favor of remand. First, the claims asserted in this case involve wholly state law issues. Next, this case was initially brought by Plaintiff in state court, a discovery deadline had been set, and substantial discovery had been conducted. Upon remand, the State Court Action can simply resume. Moreover, the entire case can be heard in state court without requiring the severance of any federal claim. There is no basis for bankruptcy jurisdiction other than § 1334. In addition, the presence of DAP, a non-debtor party, lends favor to abstention.

Abstention will not hamper the efficient administration of the estate and, in fact, will likely aid it. DAC and DAP have demanded a jury trial in the State Court Action. (A.P. Dkt. No. 14-14 at 5). Therefore, unless all parties consent, which they have not, this Court will be unable to try the issues and they will have to be referred to the District Court for trial by jury. Moreover, there is no reason to believe the case will be tried more quickly in the District Court than in state court. By order entered in the Bankruptcy Case on April 13, 2010, stay relief was granted to "all other individuals and entities, whether parties

6

at present or joined as parties in the future, in the [State Court Action] . . . to whatever extent necessary to carry the matter through to a final, unappealable judgment." (Case Dkt. No. 228 at 1). A judgment in favor of Plaintiff in the State Court Action will establish the amount of its claim in the Bankruptcy Case, and a judgment in favor of DAC on the counterclaim will be an asset of the estate.

Finally, Plaintiff, as master of the complaint, chose to file an action in state court. Now, after extensive discovery was conducted and almost concluded in the State Court Action and despite a grant of relief of stay to proceed in that case, Plaintiff seeks to choose a different forum. Principles of justice, comity, and respect for state law counsel against an exercise of jurisdiction and in favor of discretionary abstention.

### III. Request for Payment of Just Costs and Actual Expenses

In the Motion, Defendants included a request for just costs and actual expenses. Defendants do not articulate a basis for fees and expenses other than the alleged "improper removal" of the action. Yet Defendants seem to concede in their own brief that removal was proper.[2] Further, Defendants have cited no authority for the award of costs and fees.

---

[2] Defendants appear to concede that removal was proper pursuant to 28 U.S.C. §§ 1452 and 1334, but maintain that the bankruptcy court, not the district court, was the proper forum for the removal. (A.P. Dkt. No. 1 at 9 n. 2).

7

I have concluded that the removal was proper but have chosen to abstain from exercising jurisdiction. Accordingly, Defendants are not entitled to fees and expenses.

### CONCLUSION

Although this action is properly removed, my findings above demonstrate that principles of justice, comity, and respect for state law weigh against an exercise of jurisdiction. Defendants' Motion is therefore **ORDERED GRANTED** in part; and

All claims, counterclaims, and causes of action in the above-titled adversary proceeding are **REMANDED** to the Superior Court of Coffee County, Georgia for adjudication;

**FURTHER ORDERED** that Defendants' request for payment of just costs and actual expenses, including attorney's fees, is **ORDERED DENIED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 6th day of April, 2011.